IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM LEE GRANT II, | ) | CIVIL NO. 19-00592 JAO-WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING |
| vs. | ) ) | FEES OR COSTS AND TO SHOW CAUSE |
| CENTRAL INTELLIGENCE AGENCY + SPECIAL COLLECTION SERVICE, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER GRANTING APPLICATION TO PROCEED WITHOUT
PREPAYING FEES OR COSTS AND TO SHOW CAUSE

On October 28, 2019, Plaintiff William Lee Grant II ("Plaintiff"), who is self-represented, filed a Civil Liberties Complaint ("Complaint"), ECF No. 1, and an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion for Leave to Proceed In Forma Pauperis" or "Motion"), ECF No. 2. Upon consideration of the Motion and the financial information provided in support, the Court finds that Plaintiff is unable to pay the filing fee, and thus the Motion is GRANTED. Additionally, for the following reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be transferred or

dismissed for improper venue.[1]

The statute governing venue in general states:

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

A liberal construction of the Complaint reveals that the allegations regarding the defendants named in the caption ("Central Intelligence Agency" and "Special Collection Service" (collectively, "Defendants")), or containing any reference to Hawaiʻi, are limited to the following paragraphs:

> 67) The Central Intelligence Agency (CIA) killed John F. Kennedy.
> . . . .
> 69) The CIA triangulated against the DOD to use the DOD to achieve the CIA's mandate to contain Communism in Southeast Asia.
> . . . .
> 89) The Special Collection Service is a "joint" Central Intelligence Agency and National Security Agency program.

---

[1] When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

> . . . .
> 91) The Central Intelligence Agency is liable for the actions of the Special Collection Service.
> . . . .
> 118) The District of Hawaii has jurisdiction pursuant to: 28 USC 1391(e)(1)(A).
> . . . .
> 120) The District of Hawaii has jurisdiction pursuant to: 28 USC 1391(e)(1)(A).[2] The Missile Defense Agency and National Security Agency are located in Hawaii.

Compl. at 9, 11, 14 (some capitalization omitted); *see Eldredge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' or pro se litigants.'" (citation omitted)).

---

[2] Although Plaintiff's action is against federal agencies, he cites to 28 U.S.C. § 1391(e)(1)(A), which states that in actions "in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority," venue is proper

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1)(A). However, this section does not apply here because Defendants are not "officer[s] or employee[s] of the United States or any agency thereof." *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 (9th Cir. 1985) (citation omitted); *Blackburn v. Goodwin*, 608 F.2d 919, 922-23 (2d Cir. 1979) ("It is clear from the legislative history that section 1391(e) provides for venue in cases where the plaintiff seeks to compel or enjoin governmental action by suing a federal officer in his official capacity." (citation omitted)).

3

Because (1) none of these allegations asserts where Defendants reside,[3] (2) Plaintiff's other allegations refer to the actions of State of Illinois officials, Plaintiff's dentist and optometrist, federal officials, and other persons, but do not indicate that "a substantial part of the events or omissions giving rise to the claim occurred" in Hawaiʻi, and (3) Plaintiff does not assert that he resides in Hawaiʻi, and instead appears to reside in the Central District of Illinois as Plaintiff includes a "Springfield, IL" mailing address with his signature in the Complaint, Compl. at 14, Plaintiff fails to show how venue in Hawaiʻi is proper under 28 U.S.C. § 1391.

When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of defective venue on its own motion so long as the court, "at minimum, issue an order to show cause why the case should not be transferred" or dismissed. *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974); *see Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *id.*) (other citations omitted).

---

[3] Indeed, "federal government defendants do not reside in every judicial district in which an agency has an office." *See, e.g.*, *Zhang v. Chertoff*, No. C 08-02589 JW, 2008 WL 5271995, at *3 (N.D. Cal. Dec. 15, 2008) (citing *Reuben H. Donnelly Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)) (other citation omitted). Rather, "[f]ederal defendants are generally deemed to reside in the District of Columbia." *Id.* (citations omitted); *see also Gilbert*, 756 F.2d at 1460.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be transferred or dismissed. Plaintiff must file a response to this Order to Show Cause by **December 23, 2019**. Failure to timely respond to this Order to Show Cause may result in a finding that Plaintiff has failed to carry his burden of establishing venue, and the Court will transfer the case or dismiss the action.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, November 26, 2019.

Jill A. Otake
United States District Judge