IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM LEE GRANT II, | ) | CIVIL NO. 19-00592 JAO-WRP |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH PREJUDICE |
| vs. | ) ) | |
| CENTRAL INTELLIGENCE AGENCY + SPECIAL COLLECTION SERVICE, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER DISMISSING COMPLAINT WITH PREJUDICE

On October 28, 2019, Plaintiff William Lee Grant II ("Plaintiff"), who is self-represented, filed a Civil Liberties Complaint ("Complaint"). ECF No. 1. By Order dated November 26, 2012, the Court granted Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. 2, and also ordered Plaintiff to show cause why this action should not be transferred or dismissed for improper venue.[1] ECF No. 4 ("Order to Show Cause"). Plaintiff timely responded to the Order to Show Cause on December 10, 2019. ECF No. 5

---

[1] When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

("Response").  For the following reasons, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

The statute governing venue in general states:

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

As stated in the Order to Show Cause, a liberal construction of the Complaint reveals that the allegations regarding the defendants named in the caption ("Central Intelligence Agency" and "Special Collection Service" (collectively, "Defendants")), or containing any reference to Hawaiʻi, are limited to the following paragraphs:

> 67) The Central Intelligence Agency (CIA) killed John F. Kennedy.
> . . . .
> 69) The CIA triangulated against the DOD to use the DOD to achieve the CIA's mandate to contain Communism in Southeast Asia.
> . . . .
> 89) The Special Collection Service is a "joint" Central Intelligence Agency and National Security Agency program.
> . . . .

2

> 91) The Central Intelligence Agency is liable for the actions of the Special Collection Service.
>
> . . . .
>
> 118) The District of Hawaii has jurisdiction pursuant to: 28 USC 1391(e)(1)(A).
>
> . . . .
>
> 120) The District of Hawaii has jurisdiction pursuant to: 28 USC 1391(e)(1)(A).[2] The Missile Defense Agency and National Security Agency are located in Hawaii.

Compl. at 9, 11, 14 (some capitalization omitted); *see Eldredge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to liberally construe the 'inartful pleading' or pro se litigants.'" (citation omitted)).

---

[2] Although Plaintiff's action is against federal *agencies*, he cites to 28 U.S.C. § 1391(e)(1)(A), which states that in actions "in which a defendant is an *officer or employee* of the United States or any agency thereof acting in his official capacity or under color of legal authority" (emphasis added), venue is proper

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1)(A). However, this section does not apply here because Defendants are not "officer[s] or employee[s] of the United States or any agency thereof." *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1460 (9th Cir. 1985) (citation omitted); *Blackburn v. Goodwin*, 608 F.2d 919, 922-23 (2d Cir. 1979) ("It is clear from the legislative history that section 1391(e) provides for venue in cases where the plaintiff seeks to compel or enjoin governmental action by suing a federal officer in his official capacity." (citation omitted)).

3

The Court also observed that because (1) none of these allegations asserts where Defendants reside,[3] (2) Plaintiff's other allegations refer to the actions of State of Illinois officials, Plaintiff's dentist and optometrist, federal officials, and other persons, but do not indicate that "a substantial part of the events or omissions giving rise to the claim occurred" in Hawai'i, and (3) Plaintiff does not assert that he resides in Hawai'i, and instead appears to reside in the Central District of Illinois as Plaintiff includes a "Springfield, IL" mailing address with his signature in the Complaint, Compl. at 14, Plaintiff fails to show how venue in Hawai'i is proper under 28 U.S.C. § 1391. *See* Order to Show Cause, at 4.

In response, Plaintiff wholly fails to respond to the Court's foregoing observations. Instead, Plaintiff only asserts that "[t]he District of Hawaii has jurisdiction pursuant to: 28 USC 1391(b)(3) and 28 USC 1391(b)(2)." Response, at 4 (some capitalization omitted). Plaintiff also again alleges that the "National Security Agency is located in Hawaii," and that the "Special Collection Service is a 'joint' Central Intelligence Agency and National Security Agency 'Program'";

---

[3] Indeed, "federal government defendants do not reside in every judicial district in which an agency has an office." *See, e.g.*, *Zhang v. Chertoff*, No. C 08-02589 JW, 2008 WL 5271995, at *3 (N.D. Cal. Dec. 15, 2008) (citing *Reuben H. Donnelly Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)) (other citation omitted). Rather, "[f]ederal defendants are generally deemed to reside in the District of Columbia." *Id.* (citations omitted); *see also Gilbert*, 756 F.2d at 1460.

Plaintiff adds that he "seeks remedy for the actions of the Office of the Secretary of Defense," "the Office of the Secretary of Defense is a part of the U.S. Department of Defense (DoD)," "the DoD's U.S. Indo-Pacific Command, National Security Agency, and Missile Defense Agency are located in Hawaii," and that "the Office of the Secretary of Defense has command authority of the DoD, National Security Agency, and Missile Defense Agency." *Id.* (some capitalization omitted).

None of these statements demonstrate that venue is proper in Hawaiʻi.

Rather, Plaintiff plainly admits that this case belongs in the Central District of Illinois, but that he filed this action in Hawaiʻi because "has been unable to proceed in Illinois." Response, at 1 (some capitalization omitted). Indeed, Plaintiff has filed at least 27 cases in the Central District of Illinois, *see* ECF No. 5-1 at 4 (Order to Show Cause dated Feb. 1, 2019 in Case No. 3:19-cv-03014-JBM-JEH (C.D. Ill.)), as well as numerous other cases across the country, including in the Central District of California, the District of Columbia, the Northern District of Georgia, the Northern District of Illinois, the District of Maryland, the District of Nebraska, the Eastern District of New York, the Southern District of New York, the Eastern District of Texas, the Northern District of Texas, the Western District of Texas, the Eastern District of Virginia, and the Court of Federal Claims.[4] *See*

---

[4] Plaintiff has also filed other cases in the District of Hawaii. *See, e.g.*, *Grant v. Special Collection Serv.*, Civil No. 19-00493 LEK-WRP (filed Sept. 10, 2019);

*id.* at 5. These cases have been dismissed for frivolity or other procedural defects, and a review of some of these cases show that they involve similar allegations, often "with the complaint being a photocopy of an earlier rejected complaint" with dates and the name(s) of the defendant(s) crossed out and replaced. *Id.*

Moreover, upon screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[5] the Court concludes that the Complaint is frivolous. A complaint is frivolous if the plaintiff would not be entitled to relief under any arguable construction of law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is based on "an indisputably meritless

---

*Grant v. U.S. Dep't of Defense*, Civil No. 19-00663 JAO-WRP (filed Dec. 12, 2019).

[5] With respect to proceedings in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

legal theory" such as "claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist." *Id.* at 327 (citation omitted). Allegations are frivolous if they are "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 325, 327-28. Here, Plaintiff seeks "$99 trillion in damages," and alleges, among other things, that he was "create[d]" by former Commander-in-Chief Ronald Reagan to "predict future nuclear attacks"; that he was "dropped off" in Springfield, Illinois in 1992 to "be the U.S. Department of Defense's (DoD) witness to the 9/11 terrorist attacks"; and that a "Gregory K. Harris directed Mr. Grant's dentist and orthodontist to drill the enamel off Mr. Grant's teeth." Compl. ¶¶ 8, 10, 12, 82 (some capitalization omitted). Plaintiff's Complaint also includes seemingly unrelated allegations, such as, "Richard M. Daley's sale of Chicago's parking meters is fraud," "Courtney Love killed Kurt Cobain," "Shawn Carter is the best big brother a kid could ask for," "Adele is the best," and statements regarding the genital sizes of various individuals. Compl. ¶¶ 55, 63, 102–05, 107, 109 (some capitalization omitted).

//

//

//

//

For the foregoing reasons, the Court concludes that the District of Hawaii is not an appropriate venue for Plaintiff's action; that it is not in the interest of justice to transfer the case; and that Plaintiff's Complaint is frivolous. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 20, 2019.



Jill A. Otake
United States District Judge